PAUL L. REIN, Esq. (SBN 43053)
AARON M. CLEFTON, Esq. (SBN 318680)
REIN & CLEFTON, Attorneys at Law
200 Lakeside Drive, Suite A
Oakland, CA 94612
Telephone: 510/832-5001
Facsimile: 510/832-4787
info@reincleftonlaw.com

IRAKLI KARBELASHVILI, Esq. (SBN 302971)
ALLACCESS LAW GROUP
irakli@allaccesslawgroup.com
1400 Coleman Ave Ste F28
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142

Attorneys for Plaintiffs
LETICIA CARRILLO and ARTURO CARRILLO

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LETICIA CARRILLO and ARTURO CARRILLO,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF BELMONT,<br><br>Defendant. | Case No. 3:22-cv-07658-HSG<br><br>**CONSENT DECREE AND [PROPOSED] ORDER AS TO INJUNCTIVE RELIEF ONLY**<br><br>Action Filed: December 5, 2022 |

1.   Plaintiffs LETICIA CARRILLO and ARTURO CARRILLO filed a Complaint in this action on December 5, 2022, to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and Sections 54 and 54.1 of the California Civil Code and to obtain recovery of damages for alleged discriminatory denial of access against Defendant CITY OF BELMONT. Plaintiffs have alleged that Defendant violated Title II of the ADA and Sections 54 and 54.1of the California Civil Code by stating an intent to remove disabled accessible street parking near Plaintiffs' residence.

2.  The CITY asserts that it has provided Plaintiffs with access to disabled accessible street parking near Plaintiffs' residence on a continuing basis for all relevant times alleged in this lawsuit. The CITY denies each and every allegation advanced by Plaintiffs and, by entering into this Consent Decree, does not admit liability to any of the allegations made by Plaintiffs in the Complaint filed in this action. This Consent Decree is not to be construed as an admission of liability by the CITY relating to any allegation in Plaintiffs' Complaint.

3.  In order to avoid the costs, expense, and uncertainty of protracted litigation, Plaintiffs LETICIA CARRILLO and ARTURO CARRILLO and Defendant CITY OF BELMONT (together sometimes the "Parties") agree to entry of this Consent Decree and Order to resolve all claims regarding injunctive relief, damages, and attorneys' fees, litigation expenses and costs, raised in the Complaint without the need for protracted litigation. Accordingly, the Parties agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning Plaintiffs' claims for relief.

**JURISDICTION:**

4.  The Parties to this Consent Decree and Order agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101 *et seq.* and pursuant to supplemental jurisdiction for alleged violations of California Civil Code sections 54, and 54.1.

WHEREFORE, the Parties to this Consent Decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provide as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

5.  This Order shall be a full, complete, and final disposition and settlement of Plaintiffs' claims against Defendant for injunctive relief that have arisen out of the subject Complaint.

6.  The Parties agree and stipulate that the Terms set forth below shall be carried out in compliance with the standards and specifications for disabled access federal and state

accessibility laws and regulations.

    a.    The CITY agrees to not remove either of the two accessible street parking spaces located adjacent to 1321 6th Avenue in Belmont, California (hereinafter "the parking spaces") for so long as either Plaintiff LETICIA CARRILLO or ARTURO CARRILLO own or reside in that property, maintain their accessible parking permits from the California Department of Motor Vehicles, (hereinafter "CA DMV"), and use the spaces.

    b.    The Parties acknowledge that the CITY must comply with state and federal laws and regulations and must ensure the public right of way (the street, curb, gutter, sidewalk, parking, utilities, etc.) are compliant with state and federal laws and regulations. In the event that unforeseen circumstances require the CITY to take any action that will affect the parking spaces, the CITY shall notify Plaintiffs in writing. Plaintiffs shall have 30 days from the date of the written notice to submit a written response to the Belmont City Attorney's Office. If the Parties cannot reach an agreement regarding the parking spaces, either Party may seek relief from the Court, except in no case shall the CITY be entitled to attorney fees, litigation expenses or costs, unless any enforcement action brought by Plaintiffs is determined by the Court to be frivolous or made in bad faith.

    c.    Plaintiffs shall provide written notice to the Belmont City Attorney's Office of any of the following: (1) Plaintiffs no longer own 1321 6th Avenue, Belmont, CA; (2) Plaintiffs no longer reside at 1321 6th Avenue, Belmont, CA; (3) Plaintiffs no longer maintain accessible parking permits issued by the CA DMV; or (4) Plaintiffs no longer use the parking spaces.

        1.    Upon receipt by the Belmont City Attorney's Office of the

written notice from, or on behalf of, Plaintiffs regarding Items (1)-(4) listed above in section (6)(c), the terms of this Consent Decree shall be null and void.

2. If Plaintiffs do not provide written notice to the Belmont City Attorney's Office of Items (1)-(4) listed above in section (6)(c) listed above within 30 days of the occurrence, i.e. 30 days after Plaintiffs move out of the residence or 30 days after Plaintiffs no longer maintain accessible parking permits from the CA DMV, then the terms of this Consent Decree shall become null and void on the 30th day after the occurrence.

d. If the CITY fails to provide injunctive relief on the agreed upon Terms, and Plaintiffs file a motion with a Court of applicable jurisdiction to obtain compliance with these Terms, Plaintiffs shall be entitled to seek reasonable attorney's fees for any compliance work necessitated by the CITY's failure to keep this agreement.

**ENTIRE CONSENT DECREE AND ORDER:**

7. This Consent Decree and Order constitute the entire agreement between the Parties on the matter of injunctive relief, and no other statement, promise, or agreement, either written or oral, made by any of the Parties or agents of any of the Parties that is not contained in this written Consent Decree and Order, shall be enforceable regarding the matter of injunctive relief described herein.

**CONSENT DECREE AND ORDER BINDING ON PARTIES:**

8. Except for all obligations required in this Consent Decree and Order each of the Parties to this Consent Decree and Order, on behalf of each of their respective agents or representatives, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of

each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the lawsuit.

**MUTUAL RELEASE AND WAIVER:**

9. Each of the Parties to this Consent Decree and Order understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree and Order, any or all of them will incur, suffer, or experience some further loss or damage with respect to the lawsuit that is unknown or unanticipated at the time this Consent Decree and Order is signed. Except for all obligations required in this Consent Decree and Order, the Signing Parties intend that this Consent Decree and Order apply to all such further loss with respect to the lawsuit, except those caused by the Parties subsequent to the execution of this Consent Decree and Order. Therefore, except for all obligations required in this Consent Decree and Order, this Consent Decree and Order shall apply to and cover any and all claims, demands, actions, and causes of action by the Signing Parties to this Consent Decree with respect to the lawsuit, whether the same are known, unknown, or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

10. Except for all obligations required in this Consent Decree and Order each of the Parties to this Consent Decree and Order, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners, and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and

causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the lawsuit.

**TERM OF THE CONSENT DECREE AND ORDER:**

11. This Consent Decree and Order shall be in full force and effect for a period of twelve (12) months after the date of entry of this Consent Decree and Order by the Court. After the 12 months have passed, this Agreement shall remain contractually in effect until one of the following occurs: (1) neither Plaintiff owns 1321 6th Avenue in Belmont, California; (2) neither Plaintiff resides at 1321 6th Ave in Belmont, California; (3) Plaintiffs no longer maintain accessible parking permits issued by the CA DMV; or (4) Plaintiffs no longer use the parking spaces. If breached by any Party after the 12 month term has passed, the Parties may thereafter file in Superior Court to enforce the agreement if it becomes necessary.

**SEVERABILITY:**

12. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect. This Consent Decree is the product of negotiation and joint drafting so that any ambiguity will not be construed against any Party.

**SIGNATORIES BIND PARTIES:**

13. Signatories on the behalf of the Parties represent that they are authorized to bind the Parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

**END OF PAGE.**
**SIGNATURES CONTINUE ON THE NEXT PAGE AND ORDER IS AT THE END OF THE DOCUMENT.**

Dated: 3/22/2023, 2023　　　　PLAINTIFF LETICIA CARRILLO

*/s/ Leticia Carrillo*
―――――――――――――――――――
LETICIA CARRILLO

Dated: 3/22/2023, 2023　　　　PLAINTIFF ARTURO CARRILLO

*/s/ Arturo Carrillo*
―――――――――――――――――――
ARTURO CARRILLO

Dated: 3/14, 2023　　　　DEFENDANT CITY OF BELMONT

By: [signature]
Print name: Afshin Oskoui
Title: City Manager

Approved as to form:

Dated: 3/22/2023, 2023　　　　REIN & CLEFTON

*/s/ Aaron Clefton, Esq.*
―――――――――――――――――――
By: AARON M. CLEFTON, ESQ.
Attorneys for Plaintiffs
LETICIA CARRILLO AND ARTURO CARRILLO

Dated: _____, 2023　　　　BERTRAND, FOX, ELLIOT, OSMAN & WENZEL

[signature]
―――――――――――――――――――
RICHARD W. OSMAN, ESQ.
SHEILA D. CRAWFORD, ESQ.
Attorneys for Defendant
CITY OF BELMONT

# ORDER

Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.

Dated: _____, 2023

_____
Honorable Haywood S. Gilliam, Jr.